UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE ROWE, | ) | Civ. 11-4063-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING |
| | ) | COMPLAINT |
| MR. ELLIS, Shu coordinator, Hill SDSP here in Sioux Falls; MR. ALLCOTT, Shu Unit Manager; MR. PONTO, Assoc. Warden; MR. WEBER, Warden; CO MOUSEL; and JOHN DOE; | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Michael Wayne Rowe, has filed a pro se civil rights complaint against defendants. Rowe is incarcerated at the South Dakota State Penitentiary in Sioux Falls, South Dakota. Rowe's complaints stem from his placement in the special housing unit (SHU), for "a false report of threatening staff."[1] Rowe's primary complaint appears to be that prison staff refused to move him away from his cell mate in the SHU. Rowe also complains that prison staff violated prison policy when they continued to provide him with meals after he declared his intent to go on a hunger strike to protest being housed with that particular inmate in the SHU. For these

---

[1] Rowe mentions the incident leading to his discipline in passing, but does not appear to be claiming that his discipline violated his constitutional rights.

claims, Rowe seeks "$5,000 for duress of being housed with a hostile inmate" and "$25,000 more" because "the above individuals were aware of situation and further did nothing to ease suffering." Docket 1 at 3. Rowe also moves to proceed in forma pauperis in his lawsuit.

The Prison Litigation Reform Act (PLRA), 28 U.S.C. 1915, requires prisoners to make an initial partial filing payment where possible, even if in forma pauperis status is sought. When an inmate seeks in forma pauperis status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plant. *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (internal citations omitted). Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1) which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Rowe has indicated the average of the monthly deposits to his account is $52.50 and the average monthly balance of his account is $440.83. Rowe must make an initial partial filing fee of $88.17, which is 20 percent of $440.83. Accordingly, Rowe is granted in forma pauperis status.

But the inquiry does not end there. The PLRA also requires this court to "screen" Rowe's complaint to determine whether it should be dismissed.

Section 1915 provides an action must be dismissed if the court determines the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Rowe seeks damages for being housed with a "hostile inmate" and for being offered food while on a hunger strike. An inmate may not bring a federal civil action for mental or emotional injury without a prior showing of physical injury. 42 U.S.C. § 1997e(e). Rowe does not allege or suggest that he suffered any actual physical injury. Accordingly, his complaint is barred by § 1997e(e). *See, e.g., Kellenworth v. Norris*, 221 F.3d 1342 (8th Cir. 2000). Thus, Rowe has failed to state a claim upon which relief may be granted and his complaint is dismissed pursuant to 28 U.S.C. § 1915.

Despite the dismissal of Rowe's case pursuant to the screening procedures of § 1915, Rowe is still obligated to pay the filing fee. *See In Re: Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided merely because the case is eventually dismissed. *See In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PLRA makes prisoners responsible for their filing fees the

moment the prisoner brings a civil action or files an appeal."). Therefore, it is

ORDERED that Rowe's motion to proceed in forma pauperis (Docket 3) is granted.

IT IS FURTHER ORDERED that Rowe's complaint is dismissed pursuant to 28 U.S.C. § 1915 and he is assessed a "strike" under the Prison Litigation Reform Act.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full. Plaintiff is advised the fee for filing this civil action is $350 and that he remains fully responsible for the fee.

Dated June 14, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE